IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–01619–KMT

BRIAN M. GROSS,

      Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

      Defendant.

---

# ORDER

---

This case comes before the court on review of the Commissioner's denial of Plaintiff-Claimant Brian M. Gross's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") pursuant to Titles II and XVI of the Social Security Act ("the Act"). Jurisdiction is proper under 42 U.S.C. § 405(g).

## BACKGROUND

Claimant applied for DIB and SSI in November 2011, alleging that he had been disabled since August 2005 by an array of ailments, including chronic pain, chronic pancreatitis, neck and back injuries, and diabetes. (*See* Doc. No. 16, Social Security Administrative Record ["AR"] at 139, 141, 171.) The Commissioner denied both applications in January 2012. (*Id.* at 14.) Following the denials, Claimant requested and received a hearing by an Administrative Law Judge ("ALJ"). (*Id.*) After the hearing, the ALJ determined that Claimant was not disabled within the meaning of section 1614(a)(3)(A) of the Act, because he was still capable of

performing substantial gainful work in the national economy. (*Id.* at 25.) The Appeals Council subsequently denied Claimant's request for review (*id.* at 1), making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. *See* 20 C.F.R. §§ 404.981, 422.210(a). Claimant timely sought review by the Court.

## STATUTORY AND REGULATORY BACKGROUND

Titles II and XVI of the Act award Social Security benefits to claimants who meet certain eligibility requirements. 42 U.S.C. §§ 423, 1382. To receive either DIB or SSI, a claimant must be disabled. 42 U.S.C. §§ 1382(a), 423(a). The Commissioner has established a five-step sequential process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who works is not disabled, regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe." A "severe" impairment significantly limits the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or "equals" in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, then the ALJ must determine whether the claimant can still perform any past work despite his or her limitations.

5. If the claimant no longer retains the ability to perform past work, then the ALJ must decide whether the claimant can perform any other substantial gainful work in the national economy despite the claimant's limitations.

*See* 20 C.F.R. § 404.1520(a)(4)(i)–(v); *Williams v. Bowen,* 844 F.2d 748, 750–52 (10th Cir. 1988). The claimant has the initial burden of establishing a disability in the first four steps of this process. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). After that, the burden shifts to the Commissioner to prove that, despite the claimant's impairments, he or she is still capable of

2

performing substantial gainful work in the national economy. *Id.* If at any point during the five-step review process the Commissioner conclusively finds that the claimant is or is not disabled, the analysis ends. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 801 (10th Cir. 1991).

## STANDARD OF REVIEW

Claimant appears *pro se*. Therefore the court must liberally construe his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

Review of the Commissioner's disability decision by this court is limited to determining whether the ALJ applied the correct legal standard, whether the decision is supported by substantial evidence, and whether the decision comports with the relevant regulations and caselaw. *Hamilton v. Sec'y of Health and Human Servs.*, 961 F.2d 1495, 1497–98 (10th Cir. 1992); *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990); *Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990). An ALJ's failure to apply the correct legal standard constitutes an independent and sufficient basis for the Court to reverse the ALJ's decision. *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). Likewise, an ALJ's failure to supply the Court with a sufficient basis to determine that the ALJ followed appropriate legal principles is also grounds for reversal. *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (quoting *Smith v. Heckler*, 707 F.2d 1284 (11th Cir.1983)).

## ANALYSIS

Construing the claimant's briefings liberally, the court can infer several colorable arguments against the ALJ's disability determination: 1) the ALJ did not properly credit Claimant's testimony, 2) the ALJ did not properly consider the combined effects of Claimant's

impairments, 3) the ALJ failed to consider Claimant's mental impairments, and 4) the ALJ's determination is not supported by substantial evidence.  (*See generally* Doc. No. 21 [Opening Br.], filed Aug. 28, 2014; Doc. No. 23 [Reply Br.], filed Dec. 1, 2014.)  Defendant's brief addresses only the question of whether the ALJ's decision is supported by substantial evidence.  (*See generally* Doc. No. 22 [Resp. Br.], filed Nov. 13, 2014.)

**The ALJ's Finding that Claimant was not Fully Credible**

As part of the ALJ's step-four assessment of the claimant's Residual Functional Capacity ("RFC"), the ALJ found the claimant's testimony about the intensity and persistence of subjective symptoms like pain "not credible."  (AR at 23.)  As justification for discounting the claimant's testimony, the ALJ offered three reasons: a) the claimant's work history, b) the claimant's deficient memory about his hospitalizations, and c) the claimant's testimony about sitting on the couch watching television at his sister's house while "she took care of everything."  (*See id.*)  Claimant appears to find fault with at least some of these reasons.  (*See id.* at 23; Opening Br. at 2; Reply Br. at 1).

Before completing step four of the disability review process, the ALJ must assess the claimant's RFC, which is the most the claimant can do in a work setting on a regular and continuing basis despite the limitations imposed by his or her impairments.  SSR 96-8p, 1996 WL 374184 at *1, 3.[1]  When determining the claimant's RFC, the ALJ must consider all the relevant evidence and all of the claimant's medically determinable impairments.  *Id.* at *2.  Then,

---

[1] An "SSR" is a Social Security Administration ruling.  These rulings, which are final opinions and orders published under the authority of the Commissioner of Social Security, are binding on "all components of the Social Security Administration."  20 C.F.R. § 402.35(b)(1).

in the ALJ's written decision, the ALJ must explain how the evidence supports each of his or her conclusions. *Id.* at *7.

Credibility determinations are the province of the ALJ, and the Court will not upset those determinations when they are supported by substantial evidence. *Diaz v. Sec'y of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown*, 912 F.2d at 1196. Rather than bald conclusions in the guise of findings, the ALJ must cite specific reasons for doubting the claimant's credibility, especially when subjective pain testimony is crucial. *See Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995). Pain is an example of a symptom that can "suggest a greater severity of impairment than can be shown by objective medical evidence." SSR 96-7p, 1996 WL 374186 at *1. A claimant's statements about the intensity and persistence of subjective symptoms like pain may not be disregarded solely because they are not substantiated by objective medical evidence. *Id.* at *2. When evaluating the credibility of a claimant's pain testimony, the ALJ must consider a multitude of factors, including the extensiveness of the claimant's attempts to obtain relief, the frequency of the claimant's medical contacts, the nature of the claimant's daily activities, subjective measures of credibility within the ALJ's judgment, and the consistency or compatibility of the claimant's testimony with objective medical evidence. *Branum v. Barnhart*, 385 F.3d 1268, 1273–74 (10th Cir. 2004). The ALJ need not, however, make a "formalistic factor-by-factor recitation of the evidence." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012) (citation omitted). Ultimately, "common sense, not technical perfection," is the Court's guide. *Id.*

*Claimant's Work History*

The ALJ's first reason for doubting the claimant's credibility was that the claimant testified to working several jobs, including work as a manager of an auto pawn store, a car salesman, a construction worker, and a fast-food worker. (AR at 23.) The ALJ also noted Claimant's work in a machine-shop while incarcerated. (*See id.*) The only job Claimant worked while allegedly disabled, however, was the machine-shop job. (*See id.* at 36–39, 173.) The other jobs noted by the ALJ were jobs the claimant worked prior to the onset of the alleged disability. (*See id.*).

Claimant stated that he worked only part-time at the machine shop (*id.* at 39), that his prison doctors would not let him "work that much" (*id.*), and that the claimant worked there despite being assigned to the "fully disabled" medical floor (*id.*). Further, the claimant brought up his machine-shop job in response to the question, "While you were in prison, did you learn any trades or did they try to teach you anything in there to kind of keep you busy?"[2] (*Id.*)

Working in a machine shop, or anywhere else, can, in theory, undermine a claimant's allegations that his symptoms are so bad that he cannot work. But the ALJ never explained why, in this case, the claimant's work in the machine-shop was inconsistent with his testimony about the intensity and persistence of his symptoms. What little evidence is available suggests that Claimant's work in the machine shop was much more limited than the average machine-shop job. Thus, without more information and proper consideration of that information by the ALJ, Claimant's machine-shop work cannot provide substantial support for the ALJ's credibility determination. Neither can those jobs Claimant worked prior to the alleged onset of disability.

---

[2] Claimant stated in his Reply Brief that he was merely a "student" in the machine shop class and spent very little time using any machines. (Reply Br. at 1).

*Claimant's Deficient Memory*

Next, the ALJ cited Claimant's deficient memory about his hospitalizations as another reason to doubt Claimant's credibility. (*See id.* at 23.) The ALJ insinuated that the claimant's memory difficulties were due to the claimant's alcohol abuse, but did not explain why claimant's alcohol abuse or alcohol-induced memory deficiencies made the claimant's subjective pain testimony less credible. (*See id.*) But without more of an explanation by the ALJ, Claimant's deficient memory about his hospitalizations does not constitute substantial evidence in favor of the ALJ's credibility determination.

*Claimant's Failure to Assist his Sister with Household Activities*

Finally, as further support for the ALJ's credibility determination, the ALJ cited the claimant's testimony about sitting on the couch watching television at his sister's house while "she took care of everything." (*Id*.) The ALJ stated only that "the records do not show the claimant is unable to perform household activities." (*Id.*) The ALJ never identified which records showed the claimant was capable of doing household activities (*See id.*), and the Commissioner's regulations state that a claimant's testimony about subjective symptoms like pain cannot be disregarded solely because they are not substantiated by objective medical evidence. *See* SSR 96-7p, 1996 WL 374186 at *2. Absent a more thorough explanation then, the claimant's statement that he did not assist his sister with household activities does not qualify as substantial support for the ALJ's credibility determination.

Though the court normally would defer to an ALJ's credibility determination, *see Diaz*, 898 F.2d at 777, it cannot here. Not only was the ALJ's credibility determination not supported by substantial evidence, its deficiencies lead the court to conclude that the ALJ did not properly

consider the six factors ALJs must consider when evaluating the credibility of a claimant's testimony.  *See Branum*, 385 F.3d at 1273–74 (listing factors); *Huston v. Bowen*, 838 F.2d 1125, 1132 (10th Cir. 1988) (same).  The ALJ does not recite these six factors, state that he considered them, or demonstrate through his reasoning that he considered them.  (*See* AR at 23–24.)  For example, though one factor asks the ALJ to consider the extensiveness of the claimant's attempts to obtain relief, the ALJ did not consider the claimant's documented extensive attempts to relieve his pain and other symptoms.  (S*ee id.* at 17–22.)  Similarly, though another factor asks the ALJ to consider the frequency of medical contacts, the ALJ here did not mention or discuss the regular frequency of Claimant's medical contacts.  (*See id.*)  Nor did the ALJ explain why Claimant's failure to help his sister with household chores weighed against, rather than for, Claimant's credibility.  *See, e.g.*, *Klein v. Colvin*, 25 F. Supp. 3d 1338, 1343 (D. Colo. 2014) (stating that a claimant's performance of daily activities "bear[s] on a plaintiff's credibility to the extent that the level of activity is in fact *inconsistent* with the claimed limitations") (citation and internal quotations omitted) (emphasis added).

## CONCLUSION

Given the critical importance of the claimant's credibility about the intensity and persistence of subjective symptoms like pain to the proper construction of the claimant's RFC, and the lack of substantial support the ALJ's credibility determination overall, the court reverses and remands.  The court does not reach or address Claimant's remaining arguments because the issues raised in those arguments may be resolved by reconsideration and rehearing.  The court also expresses no opinion on whether, on remand, the ALJ should find the claimant's testimony

credible. That is a determination that must be based on the evidence and left to the sound discretion of the ALJ. *See Diaz*, 898 F.2d at 776–777.

Accordingly, it is

**ORDERED** that the Commissioner's decision is **REVERSED** and this case is **REMANDED** to the Commissioner. It is further

**ORDERED** that Plaintiff is awarded costs pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated this 10th day of September, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge